# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
September 13, 2016

Plaintiff-Appellee,

v

No. 327633
Kent Circuit Court

MELVIN JAMES MARSHALL,

LC No. 11-007667-FC

Defendant-Appellant.

Before: MURRAY, P.J., and HOEKSTRA and BECKERING, JJ.

PER CURIAM.

Defendant was convicted by a jury of two counts of armed robbery, MCL 750.529; one count of felon in possession of a firearm, MCL 750.224f; and one count of possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b. The trial court initially sentenced defendant in January of 2012. Following defendant's appeal, defendant's convictions were affirmed, but the Supreme Court remanded defendant's case for resentencing due to an error in the scoring of offense variable (OV) 13. *People v Marshall*, 497 Mich 986; 861 NW2d 47 (2015). Defendant was resentenced in the trial court on April 28, 2015 as a fourth-offense habitual offender, MCL 769.12, to 30 to 70 years' imprisonment for each of his armed robbery convictions, 5 to 20 years' imprisonment for his felon-in-possession conviction, and five years' imprisonment for his felony-firearm conviction. Defendant now appeals his resentencing as of right. Because defendant is not entitled to resentencing under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), we affirm.

In this appeal, defendant argues that he is entitled to have his sentence reviewed for reasonableness under *Lockridge*, and he maintains that resentencing is again required because defendant's concurrent 30-year minimum sentences for each of his armed robbery convictions are unreasonable, despite the fact that defendant was sentenced within the advisory minimum sentence guidelines range. Notably, although defendant seeks resentencing, he does not contend that the trial court relied on inaccurate information when determining defendant's sentence and he does not challenge the scoring of any OV or prior record variable (PRV). Further, there is no dispute that defendant's 30-year minimum sentence for each armed robbery conviction is within the recalculated guidelines range of 171 to 570 months. Moreover, while defendant relies on

-1-

*Lockridge*, he does not claim that any of his OV scores were based on judicially found facts and he does not request a *Crosby*[1] remand. Instead, defendant's only claim is that he should be resentenced because the trial court imposed an unreasonable sentence in light of defendant's personal characteristics and the circumstances of the offense. This argument is without merit.

In *Lockridge*, 498 Mich at 364-365, the Michigan Supreme Court held that Michigan's sentencing guidelines are advisory and that a departure from the recommended minimum guidelines range does not require the sentencing court to articulate a substantial and compelling reason, remedying the constitutional violation presented by requiring mandatory minimum sentences based on judicial fact-finding. While rendering the guidelines advisory, *Lockridge* endeavored "[t]o preserve as much as possible the legislative intent in enacting the guidelines," and for this reason the sentencing court must still "determine the applicable guidelines range and take it into account when imposing a sentence." *Id.* at 365, 391-392. Following *Lockridge*, "[a] sentence *that departs* from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Id*. at 392 (emphasis added).

In comparison, under MCL 769.34(10), "[i]f a minimum sentence *is within the appropriate guidelines sentence range*, the court of appeals *shall affirm* that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence" (emphasis added). Since *Lockridge* was decided, this Court has determined that "*Lockridge* did not alter or diminish MCL 769.34(10) . . . ." *People v Schrauben*, ___ Mich App ___, ___; ___ NW2d ___ (Docket No. 323170, issued January 26, 2016); slip op at 6 n 1. Rather, MCL 769.34(10) remains valid, and "[w]here a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *Schrauben*, slip op at 6.

Consequently, in this case, because defendant's sentences were within the applicable minimum sentence range and there is no challenge to the scoring of the guidelines or the accuracy of the information used by the trial court, defendant's sentence must be affirmed. *Id.*, slip op at 6-7; MCL 769.34(10).

Affirmed.


/s/ Christopher M. Murray
/s/ Joel P. Hoekstra
/s/ Jane M. Beckering

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2 2005).